17=2993 BPG

___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

NOV 15 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Christine D. Carlson, being duly sworn, depose and state that:

1. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI), assigned to the Special Agent in Charge in Baltimore, Maryland. I have been so employed since June 1996. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have also participated in the execution of search warrants, which involved child exploitation and/or child pornography offenses.

2. I have received formal training from U.S. Customs and HSI and other agencies in the area of child pornography, pedophile behavior, collectors of other obscene material and Internet crime. This includes, but is not limited to, use of Internet facilities to produce child pornography in violation of 18 U.S.C. § 2251(a), distribute child pornography in violation of 18 U.S.C. § 2252(a)(2), and possess child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

3. As a federal agent, I am authorized to investigate violations of laws of the United States and as a law enforcement officer with the authority to affect arrests and execute warrants issued under the authority of the United States.

4. This affidavit is made in support of an application for a warrant to search the following device: Apple iPhone A1549, IMEI:359230063684617, (the "SUBJECT DEVICE"), currently located at the offices of the Department of Homeland Security, Immigration and Customs

1



Enforcement, Homeland Security Investigations, 40 South Gay Street, Baltimore, Maryland. The SUBJECT DEVICE is the property of a minor female victim (hereinafter "CV1") and was turned over to Special Agents from Homeland Security Investigations on October 23, 2017 pursuant to the recovery of CV1, a missing juvenile. Based on the allegations therein and further facts set forth in this affidavit, there is probable cause to believe that the contents of the cell phone contain evidence of violations of 18 U.S.C. § 2251(a) (Production of Child Pornography). The item to be searched is described below with particularity in Attachment A, which is attached hereto and incorporated herein by reference.

5. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits and instrumentalities of violations of the aforementioned federal statute are located within the computers, removable media, and other digital storage devices currently in the custody of ICE-HSI.

6. The information contained in this affidavit came from my own participation in the inquiry described herein, as well as information obtained from other HSI Special Agents and detectives of the Anne Arundel County Police Department.

## INTRODUCTION

7. This investigation has revealed that an individual produced at least one video depicting himself engaged in sexually explicit conduct with CV1 using CV1's cell phone.

**Overview of Investigation:**

8. On October 19, 2017, HSI Special Agent D'Angelo received information from Anne Arundel County Child Protective Services (CPS) that a victim previously identified in one

2



of SA D'Angelo's trafficking cases may be the victim of rape. CPS stated that the female victim's mother had contacted Anne Arundel County Police and provided them with a video that allegedly showed the rape of her daughter (hereinafter "CV1"), DOB: XX/XX/2002.

9. On October 22, 2017, the CV1's mother contacted Victim Assistance Specialist (VAS) Susan Ritter asking for her assistance in locating CV1, who was then listed as a missing juvenile. CV1's mother informed VAS Ritter that CV1 had sent her a video through Facebook messenger that depicted CV1 being raped. I have reviewed the video sent by CV1 to her mother and it's described as follow:

> **received 284478805400516.mp4** – a video that is approximately two minutes and 29 seconds long and depicts CV1 lying on her back, naked from the waist down and her shirt pulled up over her breasts. CV1's legs are spread exposing her genitalia. A black male, with shoulder length dreads and colored beads in his dreads, repositions CV1's legs and lower body. The black male climbs on top of CV1 and inserts his penis into CV1's vagina. CV1 appears to be passed out.

10. On October 23, 2017, HSI Baltimore Special Agents along with the Baltimore City Police Department located CV1 at a residence in Baltimore, Maryland. At the time CV1 was located, CV1 turned her phone over to HSI SA D'Angelo at his request. During the transport of CV1 to Children's Home, CV1 told SA D'Angelo that the sexual assault occurred on October 11, 2017.

11. On October 26, 2017, HSI Special Agent Christine Carlson and Anne Arundel County Detective Honesto interviewed CV1 regarding the events of October 11, 2017. Also present for the interview was VAS Ritter. CV1 stated she had just gotten the cell phone a few days before October 11, 2017. CV1 stated she was staying a friend's house in Odenton and her friend's mom didn't want her staying there any longer. CV1's friend took CV1 to another friend's house that CV1 believes to be in Odenton because it was only about a 10 minute drive. CV1 was high on Zanax when her friend dropped her off and CV1 only remembers there being a lot of people at

Case 1:17-mj-02993-BPG Document 3 Filed 11/15/17 Page 4 of 9

the house. When CV1 woke up the next morning, the black male that can be seen engaging in sexually explicit conduct with CV1 in the videos, showed CV1 the videos on CV1's phone. CV1 stated there were at least two other videos of the black male engaged in sexually explicit conduct with her on her phone. CV1 sent only part of one video to her mother via Facebook messenger. CV1 thinks the name of the black male in the videos is "Taiyon." "Taiyon" lives in a single family residence with a brick front. CV1 stated her phone does not have cellular service, but she uses it when connected to WIFI. CV1 stated that the black male was signed into his Instagram account on her phone and his username is "Savage God."

12. In a subsequent conversation with CV1 on October 30, 2017, CV1 clarified to HSI Special Agent Carlson that she had purchased the cell phone used from a friend for $200 just a few days before October 11, 2017. CV1 stated that the friend's iCloud account was still on the phone, but CV1 also set up her own iCloud account on the phone. CV1 stated that her friend had not reset the phone to the factory default settings prior to selling it to CV1.

14. The following is a description of the item turned over to HSI SA D'Angelo by CV1 on October 23, 2017, and the subject of this affidavit and search warrant:

    a. Apple iPhone A1549, IMEI:359230063684617

15. It should be noted that as of the date of this application, neither I, nor any other federal agent has attempted to inspect, review, copy and/or search said evidence in any manner whatsoever.

## CONCLUSION

16. Based on the foregoing, I respectfully submit that there is probable cause to believe that 18 U.S.C. § 2251(a), which makes it federal crimes to produce child pornography using a facility of interstate commerce, have been violated and that there is probable cause to believe that

4



evidence of these crimes can be found on the cell phone turned over to HSI by CV1.

17. In consideration of the foregoing, I respectfully request that this Court issue a search warrant to search the items described in Attachment A, which is incorporated herein by reference, and to seize any items located pursuant to the search as described in Attachment B which is incorporated herein by reference.

_____
Christine D. Carlson
Special Agent
Homeland Security Investigations

Subscribed to and sworn before

me this __31ST__ day of October, 2017

_____
THE HONORABLE BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

5



17-2993 BPG

## ATTACHMENT A
## DESCRIPTION OF ITEMS TO BE SEARCHED

The following item was turned over to HSI by CV1 on October 23, 2017 and is currently being held at the Office of the United States Department of Homeland Security, Immigration & Customs Enforcement, Homeland Security Investigations, 40 South Gay Street, Baltimore, Maryland 21202:

a. Apple iPhone A1549, IMEI:359230063684617

1

**17-2993 BPG**

## ATTACHMENT B
## ITEMS TO BE SEIZED

All records contained in the items described in Attachment A which constitute evidence of violations of Title 18 § 2251(a), as outlined below:

1. All Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, U.S.C. § 2256(8).

2. Any and all correspondence identifying persons transmitting, receiving or possessing, through interstate commerce including by U.S. Mails or by computer, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, U.S.C. § 2256.

3. Any and all records, documents, invoices and materials that concern any accounts, screen names, social networking sites, online accounts, or email accounts, including Internet Service Providers.

4. Any and all visual depictions of minors, to include depictions of minors engaged in sexually explicit conduct, nude pictures, and modeling.

5. Any and all diaries, notebooks, notes, address books, pictures, emails, chats, directions, maps, banking, travel, documents, and any other records reflecting personal contact and any other activities with minors.

6. Any and all notes, documents, records, photos, correspondences that relate to travel.

7. Any and all notes, documents, records, photos or correspondence that indicate a sexual interest in children, including, but not limited to:

    a. Correspondence with children;
    b. Any and all visual depictions of minors;
    c. Internet browsing history;
    d. Books, logs, emails, chats, diaries and other documents.

8. Any and all records related to the location of the user(s) of the devices.

9. For each of the Devices:

    a. Evidence of who used, owned, or controlled the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

1



b. evidence of software that would allow others to control the Devices, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence of the attachment to the Devices of other storage devices or similar containers for electronic evidence;

e. evidence of counter forensic programs (and associated data) that are designed to eliminate data from the Devices;

f. evidence of the times the Devices were used;

g. passwords, encryption keys, and other access devices that may be necessary to access the Devices;

h. documentation and manuals that may be necessary to access the Devices or to conduct a forensic examination of the Devices;

i. contextual information necessary to understand the evidence described in this attachment.

10. With respect to the search of any of the items described above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment (including CDs, DVDs, thumb drives, flash drives, hard disk drives, or removable digital storage media, software or memory in any form), the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be seized):

    a. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

2



    b.    "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

    c.    "scanning" storage areas to discover and possible recover recently deleted files;

    d.    "scanning" storage areas for deliberately hidden files; or

    e.    performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

11. If after performing these procedures, the directories, files or storage areas do not reveal evidence of the specified criminal activity, the further search of that particular directory, file or storage area, shall cease.

3

